UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Mario Leon et al.,

          Plaintiffs,

-against-

AYG Framing Construction LLC et al.,

          Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/24/2022

1:21-cv-08014 (VSB) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

    This case was referred to the undersigned for purposes of a damages inquest. (*See* Order of Ref., ECF No. 43.) On March 5, 2022, Plaintiffs filed their motion for a default judgment, together with supporting papers, including a damages summary chart for each of the Plaintiffs. (*See* Aronauer 5/3/22 Decl., Ex. E, ECF No. 49-1, at PDF pp. 23-31.) In calculating the hourly rate for each of the Plaintiffs for the weeks ending June 6, June 13 and June 20, 2021, consistent with the New York Labor Law ("NYLL"), Plaintiffs divided an employee's weekly earnings (*i.e.*, $1,150.00) by the number of hours worked by that employee during those work weeks (*i.e.*, 40),[1] resulting in an hourly rate of $28.75 [1,150 divided by 40] and an overtime rate of $43.13 [28.75 times 1.5]. *See* 12 N.Y.C.R.R. §§ 141-3.3, 142-2.16 (stating that "regular rate of pay" for an employee is calculated by dividing the employee's weekly earnings by the number of hours worked by that employee during the work week).

---

[1] Plaintiffs' calculation of hours worked per day and total hours worked per week include time for a 30-minute break each day, such that during these weeks the total hours per week used in the calculation is 40, instead of 37.5.

For the weeks ending June 27, July 4 and July 11, 2021, during which each of the Plaintiffs is listed as having worked an extra day a week (*i.e.*, five instead of six), Plaintiffs' calculations appear to be in error. Using the same formula used for the earlier weeks, an employee's weekly earnings (*i.e.*, $1,380.00) should be divided by the number of hours worked by that employee during these work weeks (*i.e.*, 48).[2] This would result in an hourly rate of $28.75 [1,380 divided by 48] and an overtime hourly rate of $43.13 [28.75 times 1.5]. In other words, the hourly rate and overtime rate for the latter three weeks would be the same as for the prior three weeks. However, Plaintiffs' charts for the latter three weeks calculate Plaintiffs' hourly rate as $34.50, instead of $28.75, and the overtime rate as $51.75, instead of $43.13.

IT IS HEREBY ORDERED that, **no later than June 7, 2022**, Plaintiffs either shall file a revised calculation of damages for the weeks ending June 27, July 4 and July 11, 2021, or file a letter to the ECF docket explaining why their calculations are correct and consistent with the NYLL.

In their Complaint, Plaintiffs bring claims under the NYLL for unpaid wages and claims under the Fair Labor Standards Act and the NYLL for failure to pay minimum wages. (Compl., ECF No. 1, ¶¶ 47-67.) In their damages summary charts, Plaintiffs calculate their unpaid wages based upon their hourly rate, rather than upon the minimum wage rate. This appears inconsistent with applicable law. *See Williams v. Epic Security Corp.*, 358 F. Supp. 3d 284, 302 (S.D.N.Y. 2019) ("The NYLL in Article 19, § 650 *et seq.*, upon which Plaintiffs rely in their operative pleading . . . permits recovery for minimum wage, NYLL § 652, but contains no provision for recovery of unpaid straight time.") (citing *McGlone v. Contract Callers Inc.*, 114 F. Supp. 3d 172, 173 (S.D.N.Y. 2015) (holding,

---

[2] Following the approach taken with the prior weeks (*see* footnote 1, *supra*), the time for a 30-minute break for each of the six days worked adds 3 hours to the 45 hours per week shown in the chart.

in refusing to award damages at plaintiffs' regular rate for non-overtime hours, "[t]he provisions of Article 19 do not specify any relief that is greater than the minimum wage.")).

Accordingly, IT IS FURTHER ORDERED that, **no later than June 7, 2022**, Plaintiffs either shall file a revised calculation of damages for their unpaid earnings, or shall file a letter to the ECF docket explaining why their calculations are correct and consistent with the NYLL.

AND IT IS FURTHER ORDERED that, **no later than June 7, 2022**, Plaintiffs shall email to the Court (Aaron_NYSDChambers@nysd.uscourts.gov) native Excel versions of Plaintiffs' damages summary charts, with any revisions.

**SO ORDERED.**

Dated:   New York, New York
         May 24, 2022

_____
STEWART D. AARON
United States Magistrate Judge